

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF DELAWARE

Laurie Selber Silverstein
Judge

824 N. Market Street
Wilmington, DE 19801
(302) 252-2900

April 21, 2025

**VIA CM/ECF**

Michael S. Neiburg, Esq.
Sean M. Beach, Esq.
Travis G. Buchanan, Esq.
Young Conaway Stargatt & Taylor
Rodney Square, 1000 North King Street
Wilmington, DE 19801

Lucian B. Murley, Esq.
Saul Ewing LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19801

Shelly L. Ewald, Esq.
Jonathan C. Burwood, Esq.
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
1765 Greensboro Station, Place Suite 1000
McLean, VA 22102

In re:  Welded Construction, L.P. – Adversary Proceeding No. 19-50194

Dear Counsel:

As the parties know, on February 4, 2025, I issued my Opinion[1] in the referenced adversary proceeding. I instructed the parties to settle a judgment order reflecting my rulings.

In simultaneous speaking letters filed March 3, 2025, Transco and Welded submitted competing forms of order. The only point of contention is whether the CASPA interest rate and penalty continue to accrue until the judgment is satisfied in full (Welded's position) or whether once judgment is entered, the penalty ceases to accrue and the federal post-judgment interest rate applies (Transco's position).[2]

Welded primarily relies on the Opinion, observes that it does not identify a cutoff date for the accrual of CASPA interest and penalties and argues that this is consistent with the statute,

---

[1] *Welded Constr., L.P. v. The Williams Cos. (In re Welded Constr., L.P.)* Adv. Pro. No. 19-50194, 2025 WL 433018 (Bankr. D. Del. Feb. 4, 2025) (slip op.), ECF No. 442.

[2] Letter to Hon. Laurie S. Silverstein re: Proposed J. Order, ECF No. 448; Letter Br. in Supp. of Proposed J. Order, ECF No. 449.

Welded Construction, L.P.
April 21, 2025
Page 2

which is remedial in nature. Welded cites to *Zimmerman*,[3] a Pennsylvania state court decision, which rules that CASPA interest and penalties continue to accrue until the judgment is paid. Welded then concludes that the Opinion reflects *Zimmerman*'s reasoning because I ruled that with respect to the Final Payment, "interest should begin to run from the date of judgment."[4] Finally, Welded argues that applying the lower federal rate would benefit the owner rather than the contractor, thereby undermining CASPA's purpose.

Transco asks me to conclude that CASPA penalties and interest cease upon entry of the judgment and thereafter the federal post-judgment interest rate applies. Transco primarily makes an *Erie* argument, i.e., that bankruptcy courts presiding over adversary proceedings apply state law for substantive issues and federal law for procedural issues. It contends that an award of post-judgment interest is procedural, therefore, the federal post-judgment interest rate, 28 U.S.C. § 1961, applies. Transco also argues that penalties imposed by state statutes terminate at the entry of judgment and are supplanted by the federal post-judgment rate.

**Discussion**

I'll start with two observations. First, when drafting the Opinion, I did not specifically consider when the penalties end or the appropriate rate of post-judgment interest. In the context of this dispute, however, I will not find that either party waived the argument;[5] it was simply not addressed and it was not clear that there would be a dispute. Second, I did not rule on whether this adversary proceeding was based on bankruptcy jurisdiction or diversity jurisdiction because I did not need to.[6] This distinction remains unbriefed by both parties.

CASPA "introduced disincentives" into the "financial relationships of participants in the construction industry."[7] Those disincentives include interest at 1% per month, a penalty at 1% per month and attorney's fees for the substantially prevailing party. These three disincentives are separate and cumulative (if appropriate), not alternatives.[8] In the Opinion, I ruled that all three were appropriate as set forth therein.

---

[3] *Zimmerman v. Harrisburg Fudd I, L.P.*, 984 A.2d 497, 505 (Pa. Super. Ct. 2009).

[4] Letter Br. 2, ECF No. 449 (quoting *In re Welded*, 2025 WL 433018, at *77, ECF No. 442).

[5] *See* Letter Br. 2, ECF No. 449.

[6] *In re Welded*, 2025 WL 433018, at *71, ECF No. 442.

[7] *Zimmerman*, 984 A.2d at 505.

[8] *See* 73 PA. Cons. Stat. § 505(d) (2025) (providing for interest on balances due and owing); *Id.* § 512(a) (providing for a penalty in the event litigation is commenced); *Id.* § 512(b) (providing a reasonable attorney fee to the substantially prevailing party).

Welded Construction, L.P.
April 21, 2025
Page 3

### A. State Court outcomes

Both parties acknowledge that the *Zimmerman* court imposed CASPA penalties and interest following judgment.[9]  But, Transco argues that *Zimmerman* is not applicable in federal court, and, in any event, the court misreads CASPA's penalty provision.  Transco argues that § 512(a)(1) permits the court to award a penalty equal to 1% per month of amounts wrongfully withheld, but says nothing about the continued accrual of the penalty post-award.  Welded relies on *Zimmerman*'s ruling and CASPA's remedial purposes which are accorded a "liberal construction to effect [its] objects and to promote justice."  The parties did not cite any Pennsylvania Supreme Court authority.

While I hesitate to disagree with a decision issued by a Pennsylvania state court on a Pennsylvania state statute, the portion of the decision discussing the CASPA penalty contains *de minimis* analysis and, as such, is accorded less deference.[10]  Section 512 establishes a penalty of 1% per month on the amount wrongfully withheld as additional "damages" that a court shall "award."  This does not suggest that it persists after the award is granted.  As for post-judgment interest, the *Zimmerman* court held that § 505 "clearly mandates" CASPA interest from default until payment in full and is an exception to Pennsylvania's post-judgment interest statute.[11]  Section 505 does not limit the payment of interest as part of the court's award and so I accept the *Zimmerman* ruling on this point.  Further, the *Zimmerman* court reasons considering analogous caselaw that § 505 is an exception to Pennsylvania's post-judgment interest rate statute.

Accordingly, if Welded had sued in a Pennsylvania state court and received a state court judgment, the CASPA interest rate would be applicable post-judgment.  And, while I disagree,

---

[9] *Zimmerman* involved an arbitration proceeding resulting in a "stipulated award" which was then entered as a judgment, thus the decision at times uses the term "award" rather than "judgment."

[10] *C.J. Hughes Constr. Co., Inc. v. EQM Gathering OPCO, LLC*, No. 22-3391, 2024 WL 1652341, at *7 (Apr. 17, 2024) (Ambro, J., dissenting in part):

> But the case for deference weakens considerably when, as here, the state courts provide *de minimis* analysis.  After all, our goal is to predict how state supreme courts would rule, and the substantial respect we rightly extend them means that we should not assume they will follow decisions that are minimally explained or facially erroneous.  We have disregarded state intermediate appellate court decisions on that basis in the past. *Makowka*, 754 F.3d at 148-49 (disagreeing with controlling state intermediate appellate case because "it is internally inconsistent, it conflicts with the text and structure of [the statute], and it contravenes a fundamental precept of Pennsylvania law."); *Roma v. United States*, 344 F.3d 352, 359-62 (3d Cir. 2003).  We should not hesitate to do so when, as here, data -- like Pennsylvania precedent and law on statutory interpretation -- supports a different view.  I thus respectfully dissent.

[11] *Zimmerman*, 984 A.2d at 502 n.8; *see also* 42 PA. Cons. Stat. § 8101 (2025) ("Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the law rate . . . .").

Welded Construction, L.P.
April 21, 2025
Page 4

Welded would also have an argument that CASPA penalties continue to accrue until the judgment is paid in full.

## B.    *Federal Court outcomes*

Welded chose to bring its lawsuit in the bankruptcy court, thus obtaining a judgment in federal court. 28 U.S.C. § 1961(a) provides, with exceptions not relevant here, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . ."[12] It is undisputed that bankruptcy courts are units of district courts.[13] In isolation, then, this suggests that § 1961 applies.[14] Indeed, the Third Circuit applied § 1961 to a judgment in its ruling on the Internal Revenue Service's right to post-judgment interest on its bankruptcy claims on this very reasoning.[15] Notwithstanding, the Third Circuit has also recognized that § 1961 "provides a

---

[12]  (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

(b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

(c)(1) This section shall not apply in any judgment of any court with respect to any internal revenue tax case. Interest shall be allowed in such cases at the underpayment or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1986.

(2) Except as otherwise provided in paragraph (1) of this subsection, interest shall be allowed on all final judgments against the United Stats in the United States Court of Appeals for the Federal Circuit, at the rate provided in subsection (a) and as provided in subsection (b).

(3) Interest shall be allowed, computed, and paid on judgments of the United States Court of Federal Claims only as provided in paragraph (1) of this subsection or in any other provision of law.

(4) This section shall not be construed to affect the interest of any judgment of any court not specified in this section.

[13]  *Resyn Corp. v. United States (In re Resyn Corp.)*, 945 F.2d 1279, 1284 (3d Cir. 1991).

[14]  "Section 1961, therefore, applies to bankruptcy court judgments." *Id. See also FTI Consulting, Inc. v. Sweeney (In re Centaur, LLC)*, No. 10-10799, 2019 WL 2122952, at *5 (Bankr. D. Del. May 13, 2019) ("Courts have held that section 1961 applies to bankruptcy court judgments."); *Carmichael v. Balke (In re Imperial Petroleum Recovery Corp.)*, 84 F.4th 264, 272 (5th Cir. 2023).

[15]  *Resyn*, 945 F.2d at 1284. The *Resyn* court does not address the intersection of § 1961 and 11 U.S.C. § 506(b), which permits interest only on secured claims in the context of claims allowance (*i.e.*, if Transco

Welded Construction, L.P.
April 21, 2025
Page 5

default rule [which] may be modified by private agreement."[16] Examining the doctrine of merger, the court determined that parties to a contract may stipulate to a rate of interest post-judgment which will override § 1961 if their intent is clearly and unequivocally manifested in a contract.[17]

### C. Application

Welded does not rely on any provision of the Agreement to argue it is entitled to post-judgment interest at the CASPA rate. Nor does Welded cite any law for the proposition that a state statute can provide an exception to § 1961.

While I recognize and appreciate CASPA's remedial nature, in the face of the language of § 512, the decision to file in federal court and for the above reasons, I conclude that: (i) CASPA penalties do not continue to accrue post-judgment and (ii) the post-judgment interest rate is determined by § 1961.[18]

**Conclusion**

The parties shall confer and update the proposed form of order to reflect the current amounts accrued, make conforming changes and resubmit for entry.

Very truly yours,

Laurie Selber Silverstein

LSS/cmb

---

had received a net judgment, no post-judgment interest would accrue because Transco asserts an unsecured claim.).

[16] *Sovereign Bank v. Remi Cap., Inc.*, 49 F.4th 360, 365 (3d Cir. 2022).

[17] *Id.* at 368.

[18] I make no conclusion as to the applicable interest rate if the judgment is entered in a state court for execution. *See Chen v. Asian Terrace Rest., Inc.*, 602 F.Supp.3d 348, 352 n.1 (E.D.N.Y. 2022).