

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

Laurie Selber Silverstein
Judge

824 N. Market Street
Wilmington, DE 19801
(302) 252-2900

October 2, 2025

**VIA CM/ECF**

Michael S. Neiburg, Esq.
Sean M. Beach, Esq.
Travis G. Buchanan, Esq.
Young Conaway Stargatt & Taylor
Rodney Square, 1000 North King Street
Wilmington, DE 19801

Lucian B. Murley, Esq.
Saul Ewing LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19801

Shelly L. Ewald, Esq.
Jonathan C. Burwood, Esq.
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
1765 Greensboro Station, Place Suite 1000
McLean, VA 22102

Re:   **Welded Construction, L.P. v. The Williams Companies, Inc., 19-50194 (LSS)
Transcontinental Gas Pipe Line Company, LLC's Motion for Order
Approving Appeal Bond and Stay of Execution Pending Appeal, Dkt. No. 469**

Dear Counsel:

I am writing in connection with Transcontinental Gas Pipe Line Company, LLC's ("Transco") Motion for Order Approving Appeal Bond and Stay of Execution Pending Appeal ("Motion").[1] Welded Construction, L.P. ("Welded") filed its Opposition[2] to the Motion.

*Background*

I held a status conference on August 25, 2025 to hear from the parties regarding several issues raised by the Motion and the Opposition. In particular, I tried to ferret out what type of hearing would be required—an evidentiary hearing on the sufficiency of the bond or simply legal argument on the parties' respective positions on the effect of Fed. R. Civ. P. 62(b).

---

[1] Dkt. No. 469.

[2] Welded's Opp'n to Transcontinental Gas Pipe Line Co., LLC's Mot. for Order Approving Appeal Bond and Stay of Execution Pending Appeal, Dkt. No. 475.

Welded Construction, L.P.
October 1, 2025
Page 2

Post-status conference, I have given further thought to how to proceed. I have also reviewed the competing forms of order that have been submitted. As relevant here, Transco seeks an order which provides:

> 3. Execution on or proceedings to enforce, including the recordation, registration or domestication of, the Court's final judgment in favor of Welded and against Transco in the amount of $102,290,536.65 entered on or about May 8, 2025 (the "Final Judgment") is hereby stayed through the pendency of the appeal process commenced on February 18, 2025 . . . .
>
> 4. Welded is required to retract any notices of judgment recorded on Transco's property in connection to the Court's final judgment in favor of Welded.[3]

By contrast, Welded seeks an order which, in relevant part, provides:

> 2. Execution on the Court's final judgment in favor of Welded and against Transco in the amount of $102,290,536.65 entered on or about May 8, 2025 (the "Final Judgment") is hereby stayed through the pendency of the appeal process commenced on February 18, 2025 . . . .
>
> 3. The stay does not prevent Welded from recording or domesticating the Final Judgment in any state jurisdiction.[4]

*Conclusion*

I have determined that neither proposed form of order is appropriate. To illustrate this, the following chronology is helpful.

- May 8, 2025    Entry of final judgment in favor of Welded and against Transco.[5]

- May 22, 2025   Last day of automatic stay under Fed. R. Bankr. P. 7062.

- May 29, 2025   Motion filed together with Appeal Bond, Form of Security, and proposed form of order.

---

[3] Order Approving Appeal Bond and Stay of Execution Pending Appeal, Dkt. No. 476 Ex. A.

[4] Order Approving Appeal Bond and Stay of Execution Pending Appeal, Dkt. No. 475 Ex. 3. Transco filed its Notice of Appeal on February 18, 2025, fourteen days after the Opinion issued on February 4, 2025, but prior to the entry of the judgment.

[5] Final Judgment, Dkt. No. 457.

Welded Construction, L.P.
October 1, 2025
Page 3

- June 6, 2025      Foreign judgment entered in the Superior Court of the State of Delaware, New Castle County.[6]

- June 6, 2025      Foreign judgment entered in the District Court in and for Tulsa County, Oklahoma.[7]

- June 9, 2025      Foreign judgment registered in the District Court of Harris County, Texas.[8]

- June 12, 2025      Welded's Opposition filed with competing proposed form of order.

- June 20, 2025      Transco's Reply[9] filed together with declaration and revised proposed form of order.

    The scope of the relief sought by Transco raises multiple concerns. Most obvious is Transco's request that I cause Welded to "retract" the entry of the judgments which occurred on June 6 and 9 when no stay under Rule 62 was in place (i.e., neither the automatic stay of Fed. R. Bankr. P. 7062 nor the stay by bond of Fed. R. Civ. P. 62(b)). This mandatory injunction appears to exceed the scope of the Rule. I am not convinced that Rule 62 gives me the authority to enter such an order, and Transco has not provided me any authority that supports granting such retroactive injunctive relief in any context, much less the current procedural posture.

    Next, both Transco and Welded ask me to interpret Rule 62(b) on a go-forward basis. At the status conference, I addressed a threshold issue raised by the parties' filings, namely, whether I should interpret Rule 62 under federal law or look to state law to determine whether registering a judgment constitutes a proceeding to enforce it.[10] The parties agreed that state law determines the effect of recordation.[11] Assuming, without deciding, that this is correct, it is necessary to know which state's law is applicable. This requested relief, therefore, is, at best, advisory as

---

[6] Decl. of Glen Jasek in Supp. of Transcontinental Gas Pipe Line Co., LLC's Reply in Supp. of Mot. for Order Approving Appeal Bond and Stay of Execution Pending Appeal, Dkt. No. 477 ("Jasek Decl.") Ex. 1.

[7] Jasek Decl. Ex. 3.

[8] Jasek Decl. Ex. 4.

[9] Transcontinental Gas Pipe Line Co., LLC's Reply in Supp. of Mot. for Order Approving Appeal Bond and Stay of Execution Pending Appeal, Dkt. No. 476.

[10] Hr'g Tr. 8:22-9:1, Aug. 25, 2025, Dkt. No. 494.

[11] Hr'g Tr. 14:25-15:9, Aug. 25, 2025, Dkt. No. 494.

Welded Construction, L.P.
October 1, 2025
Page 4

there is no identified action on the horizon. It is also out of context as the relevant state law has not been identified or briefed.

    Under these circumstances, my only recourse is to deny the Motion (as supplemented by the Reply) without prejudice. Prior to the entry of such an order, however, I will provide Transco seven business days to submit a different form of order that simply approves the bond. If it does, Welded will have seven business days to lodge an objection after which a hearing will be held. Alternatively, I will entertain an agreed form of order.

    Absent a further submission by Transco, an order denying the Motion, without prejudice, will be entered on October 15, 2025.

                              Very truly yours,

                              Laurie Selber Silverstein

LSS/cmb